**Will BIDDLE, Administrator, Appellant,**

v.

**R. L. HOLLEMAN et al., Appellees.**

**No. 4194.**

Court of Civil Appeals of Texas.

Waco.

Jan. 16, 1964.

Boyd M. Bailey, Lloyd C. Martin, Madisonville, for appellant.

Mac L. Bennett, Jr., Normangee, for appellees.

McDONALD, Chief Justice.

Plaintiff filed this suit to reform a deed on the ground of mutual mistake as to the number of acres contained in the tract conveyed.

The land involved was previously conveyed by L. H. Miller, by deed, in 1905 to C. S. Biddle. Such deed contained a purported metes and bounds description of such lands, and immediately following the field note description, were the words, "containing 202 acres of land." On April 18, 1944, C. S. Biddle conveyed the land to defendant R. L. Holleman, by deed, reciting a consideration of $1500., and using the same description as in the deed he had received from Miller.

C. S. Biddle died on May 24, 1954. Plaintiff, the Administrator of the estate of Biddle, filed this suit in 1962, alleging that a survey of such land made in 1962, revealed a total acreage of some 365 acres

of land; that such constitutes an excess of 85% over the 202 acres recited in the deed; that a mutual mistake was made by grantor C. S. Biddle and grantee, Holleman, as to the actual acreage in the tract; that such mutual mistake is of such gross proportion as to warrant a reformation of the deed to convey only 202 acres, or in the alternative to warrant recomputation of the consideration based on the 85% greater acreage than that called for. Plaintiff prayed for such relief.

Defendant filed a general denial; alleged that the sale was in bulk; and pled the 4 and 10 Year Statutes of Limitations. Trial was before the court without a jury, which, after hearing, entered judgment that plaintiff take nothing. The Trial Court filed Findings of Fact and Conclusions of Law summarized as follows:

### FINDINGS OF FACT

1 & 2. In 1905 Miller deeded to C. S. Biddle the tract here involved, described by metes and bounds, and concluding with the words "Containing 202 acres of land."

3 & 4. Shortly thereafter C. S. Biddle went into possession of and fenced such land, such fence remaining in substantially the same position as originally set.

5. Plaintiff failed to establish by a preponderance of the evidence that C. S. Biddle did not know the approximate acreage enclosed within said fence.

6 & 7. On April 16, 1944, C. S. Biddle deeded the land to defendant Holleman, describing same by metes and bounds exactly as in the deed from Miller, and reciting that it contained 202 acres.

8 & 10. Defendant Holleman immediately went into possession of the land enclosed within the fences, and remained continuously in possession since the date thereof.

9. There is no evidence that at the time of such deed defendant Holleman did not know an excess in acreage existed.

11. Defendant Holleman claimed all of the lands within such fence from 1944 until the filing of this suit.

12. If C. S. Biddle did not know of the excess acreage he should have known of same by the exercise of due diligence.

13. Plaintiff failed to establish by a preponderance of the evidence that C. S. Biddle, after the execution of the deed to Holleman, used due diligence to ascertain the existence of the excess acreage.

14. C. S. Biddle died intestate in 1954.

15. Plaintiff Will Biddle, as Administrator of the estate, used no diligence whatsoever to ascertain the existence of the excess acreage.

16. Plaintiff failed to establish by a preponderance of the evidence that the sale to defendant was on a per acre basis.

17. There was no evidence of mutual mistake on the part of C. S. Biddle and defendant Holleman at the time of the execution of the 1944 deed.

18. Plaintiff failed to establish by a preponderance of the evidence that C. S. Biddle did not acquire knowledge of the excess acreage more than 4 years prior to his death in 1954.

## CONCLUSIONS OF LAW

1. Plaintiff having failed to establish by a preponderance of the evidence the existence of a mutual mistake on the part of C. S. Biddle and defendant Holleman is not entitled to judgment.

2. Plaintiff having failed to establish by a preponderance of the evidence that C. S. Biddle did not acquire knowledge of the excess acreage more than 4 years before his death, is not entitled to judgment.

3. Plaintiff having failed to establish by a preponderance of the evidence that C. S. Biddle and plaintiff, as Administrator, used due diligence to ascertain the existence of the excess acreage, is not entitled to judgment.

4. Plaintiff having failed to establish by a preponderance of the evidence that the sale of the land was on a per acre basis, is not entitled to judgment.

Plaintiff appeals, contending:

1) There is no evidence to support findings of fact 5, 9, 12, 13, 15, 17 and 18; and such findings are against the great weight and preponderance of the evidence.

2) There is no evidence to support the judgment; and the judgment is against the great weight and preponderance of the evidence.

█ Plaintiff sought reformation of the deed from C. S. Biddle to defendant Holleman, on the ground of mutual mistake. The deed recited that it conveyed 202 acres, whereas there was an excess acreage of some 85% actually under fence, and delivered by the grantor, and gone into possession of by the grantee. The land was conveyed in 1944. This suit was instituted in 1962. It was the plaintiff's burden, among other things, to establish by a preponderance of the evidence that C. S. Biddle and defendant both were mistaken as to the actual acreage involved at the time of execution of the deed, before plaintiff would be entitled to the relief sought. The record reflects, among other things, that C. S. Biddle paid taxes on some 425 acres out of the Viasca Survey in Leon County from 1923 to 1944. (The land here involved was out of the Viasca Survey.) Defendant Holleman was not called to testify by the plaintiff.

We think plaintiff has failed to discharge his burden to establish a mutual mistake by a preponderance of the evidence, and that

the Trial Court's findings 5, 9 and 17 (as well as the other findings), are sustained by the record.

C. S. Biddle executed the deed in 1944. He died in 1954. The instant suit was filed in 1962, more than 17 years after execution of the deed.

■ Defendant went into possession under the deed in 1944; and remained in possession to the time of trial. We think plaintiff's suit barred by the 10 Year Statute of Limitations.

Plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.